UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TAYLER ULMER, on behalf of herself and all
others similarly situated,

                     Plaintiff,

          -against-                          **MEMORANDUM AND ORDER**
                                                  **22-cv-5662(DLI)(CLP)**

STREETTEAM SOFTWARE, LLC d/b/a
POLLEN,

                     Defendant.
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On September 22, 2022, Tayler Ulmer ("Plaintiff") filed this action against StreetTeam Software, LLC d/b/a Pollen ("Defendant") alleging violations of the New York Labor Law, §§ 191, 193 ("NYLL") asserting this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See*, Complaint ("Compl."), Dkt. Entry No. 1, ¶¶ 6, 53-66. Plaintiff brought this action on behalf of herself and all others similarly situated (the "Proposed Class") pursuant to Federal Rule of Civil Procedure 23 alleging that Defendant failed to pay Plaintiff and the Proposed Class wages on a timely basis and for all hours worked in violation of the NYLL. *Id.* Plaintiff requests damages as well as injunctive and declaratory relief. *Id.,* ¶¶ D, E, G-J. For the reasons set forth below, this action is dismissed for failure to establish subject matter jurisdiction.

**DISCUSSION**

As a threshold matter, federal courts have "'an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Pratt v. Kilo Int'l, LLC*, 2015 WL 1034406, at *3 (E.D.N.Y. Mar. 10, 2015) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)); *See also, Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and

may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed.").

Where, as here, a plaintiff brings an action in federal court based on diversity jurisdiction, the plaintiff bears the burden of establishing that the requirements of such jurisdiction have been met. *See, Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) ("The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists.") (internal citations omitted). To invoke a federal court's diversity jurisdiction, a party must establish that: (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of costs or interest; and (2) there exists complete diversity of citizenship between the parties. *See*, 28 U.S.C. § 1332(a). Here, the Court finds that Plaintiff has failed to establish either jurisdictional requirement, requiring dismissal.

I.  **Amount in Controversy Requirement**

A party invoking a federal court's diversity jurisdiction has "the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (internal citations omitted). The "reasonable probability" burden is not onerous at the pleading stage because "a rebuttable presumption [exists] that the face of the complaint is a good faith representation of the actual amount in controversy." *Id*. at 397 (internal citations omitted).

However, "this face-of-the-complaint presumption is available only if the face of the complaint alleges facts plausibly suggesting the existence of claims aggregating over the jurisdictional minimum amount in controversy." *Wood v. Maguire Auto. LLC*, 2011 WL 4478485, at *2 (N.D.N.Y. Sept. 26, 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), *aff'd*, 508 F. App'x 65, 65-66 (2d Cir. 2013) (summary order) (affirming that bare and conclusory allegations as to amount in controversy are "not entitled to a presumption of truth."). As courts in this Circuit

have explained, "the court need not presume that [a] general allegation that the amount in controversy exceeds the jurisdictional minimum constitutes a good faith representation of the actual amount in controversy." *Id.*, at *2, *aff'd*, 508 F. App'x 65 (2d Cir. 2013); *Turban v. Bar Giacosa Corp.*, 2019 WL 3495947, at *2 (S.D.N.Y. Aug. 1, 2019) (same). Instead, to invoke diversity jurisdiction, a plaintiff must allege facts sufficient to "plausibly show an amount in controversy of more than $75,000." *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 156 (D. Conn. 2016); *Turban*, 2019 WL 3495947, at *2 (declining to exercise jurisdiction over claims where "allegations [were] insufficiently detailed to render the jurisdictional amount plausible on its face").

Here, Plaintiff has failed to allege facts sufficient to establish plausibly that the amount in controversy requirement is met. The only allegation in the Complaint as to the amount in controversy is the boilerplate assertion that "[t]he amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs." *See*, Compl. ¶ 6. Although the Complaint contains requests for monetary damages, Plaintiff fails to allege any specific monetary sum sought or owed and, instead, merely demands damages "in an amount to be determined at trial." *Id*. ¶¶ 59, 66, G-I. Moreover, although this action concerns claims for Defendant's alleged failure to pay wages timely and for all hours worked, nowhere does the Complaint allege what Plaintiff's wages were or what specific sums of money were withheld or untimely paid. Without more, Plaintiff's boilerplate assertion that the amount in controversy exceeds the jurisdictional threshold is "conclusory and not entitled to a presumption of truth." *See, Wood,* 508 F. App'x at 65.

More fundamentally, none of the facts that *are* alleged in the Complaint plausibly support an amount in controversy beyond $75,000 and, if anything, suggest that it is highly implausible

3

that the monetary value of the asserted claims would or could exceed that sum. In support of her claims, Plaintiff alleges that she was not "paid timely for the work performed between June 15, 2022 and June 30, 2022" and was not paid "for the pay periods ending [on] July 15, 2022, and July 31, 2022" before being dismissed from her job on August 10, 2022. Compl. ¶¶ 17, 21, 24, 28. Taken together, these allegations, if true, establish that Defendant failed to pay wages owed for one month of work and failed to pay wages timely for two weeks of work. The Court finds it highly implausible that one month of withheld pay and two weeks of untimely pay would exceed $75,000 or give rise to damages exceeding that sum. Thus, even construing the alleged facts as favorably to Plaintiff as possible, the Court finds that the Complaint on its face does not plausibly support damages arising from the claims in excess of $75,000. *See, Turban,* 2019 WL 3495947, at *2 (finding no basis to exercise jurisdiction where it was "not plausible from the facts alleged" that plaintiff's misappropriation claim put over $75,000 in controversy because, *inter alia*, the allegations asserted "only one instance" of misappropriation and did not address "how much" money was believed to be illegitimate).

For the same reason, Plaintiff's additional allegation that Defendant "failed to pay insurance premiums for its employees, and, as a result, [Plaintiff's] health insurance coverage through Pollen lapsed on July 1, 2022, without her knowledge." Compl. ¶ 22. However, the Complaint does not assert any claims pertaining to, or damages stemming from, this alleged lapse in coverage nor does it contain any other allegations regarding health insurance coverage. As such, the Complaint's lone allegation as to insurance coverage does not provide the Court with any additional basis for determining whether there appears to be a reasonable probability that the amount in controversy exceeds $75,000.

The Court declines to consider Plaintiff's requests for punitive damages, declaratory and

4

injunctive relief, and attorney's fees in assessing the amount in controversy because the Complaint similarly is devoid of any allegations that explain, justify, or attempt to value any of these other forms of relief sought. *See,* Compl. ¶¶ D, E, J, L; *Parker v. Riggio*, 2012 WL 3240837, at *6-8 (S.D.N.Y. Aug. 6, 2012) (declining to consider declaratory and injunctive relief sought in assessing amount in controversy where plaintiff "d[id] not seek a specified amount of damages" and did not provide a basis for valuing the requested relief otherwise); *KT Export v. Wolf Canyon of Am., Inc., USA*, 2010 WL 5249231, at *1 (S.D.N.Y. Dec. 17, 2010) (finding "Plaintiffs' failure to explain or justify their claim for punitive damages defeat[ed] any attempt to include those damages in the calculation of the amount in controversy").

While attorney's fees typically are not considered in calculating the amount in controversy, as pertinent here, they "may be used to satisfy the amount in controversy threshold only if they are recoverable as a matter of right pursuant to statute or contract." *Ryan v. Legends Hospitality, LLC*, 2012 WL 3834088, at *3 (S.D.N.Y. Aug. 1, 2012) (finding that attorney's fees may be considered in assessing whether the $75,000 threshold is met in an action for wages under NYLL); N.Y. Labor Law § 198(1–a) (stating, in pertinent part, that "the court *shall* allow [an] employee to recover the full amount of…all reasonable attorney's fees") (emphasis added). However, even where attorney's fees may be considered to satisfy the jurisdictional damages threshold, courts need not rely on them where, as here, the allegations do not support a finding that there is over $75,000 in controversy and it would require an unreasonable amount of attorney's fees to reach the jurisdictional threshold. *See, Bolanos v. Hooten*, 2021 WL 516580, at *1 (S.D.N.Y. Feb. 11, 2021)(declining to consider attorney's fees in determining amount in controversy where complaint "revealed minimal information to suggest [the] threshold is met").

It bears noting that Plaintiff's individual claims could not be aggregated with the class

5

claims to satisfy the amount in controversy requirement.  In a diversity class action, the members of the class generally are not permitted to aggregate their claims to satisfy the requisite amount in controversy" unless the plaintiffs are seeking "to enforce a single title or right, in which they have a common and undivided interest."  *Wagner v. Express Scripts, Inc*., 2004 WL 1052780, at *3 (S.D.N.Y. May 11, 2004) (citing *Snyder v. Harris*, 394 U.S. 332, 338 (1969) and *Gilman v. BHC Sec., Inc*., 104 F.3d 1418, 1422 (2d Cir.1997)).  Here, Plaintiff and the Proposed Class do not assert a single title or right.  Instead, the rights asserted arise from their own separate employment relationship with Defendant.  *See, Gilman*, 104 F.3d at 1422 (citing *Griffith v. Sealtite Corp*., 903 F.2d 495, 498 (7th Cir.1990) (finding workers' claims for wages due under a single employment contract to be "separate and distinct" such that they could not be aggregated to satisfy jurisdictional amount)).  Therefore, Plaintiff's individual claims, standing on their own, must meet the amount in controversy requirement, which they do not as discussed above.

For the foregoing reasons, Plaintiff has failed to satisfy the amount in controversy requirement and, thus, has not established this Court's subject matter jurisdiction over this action, warranting dismissal.  *See, Kimm v. KCC Trading, Inc*., 449 Fed. Appx. 85, 85-86 (2d Cir. 2012) (summary order) (affirming dismissal for lack of subject matter jurisdiction where plaintiff only "alleged generally that th[e] action involved an amount in controversy exceeding $75,000"); *Pratt*, 2015 WL 1034406, at *4 (dismissing action for lack of subject matter jurisdiction because plaintiff "failed to plausibly allege that the amount in controversy threshold has been met"); *ACMAT Corp. v. Greater N.Y. Mut. Ins. Co*., 58 F. Supp.2d 1, 5 (D. Conn. 1999) (dismissing action for lack of subject matter jurisdiction where, absent facts to support allegation that amount in controversy exceeded the jurisdictional threshold, "[the Court] ha[d] no way of knowing what the value of this litigation [was] to plaintiff").

6

### A. Leave to Amend the Complaint

The Court declines to provide Plaintiff leave to amend the Complaint because the allegations do not provide "any indication that [she is] in possession of facts that would cure the problems identified in this [Memorandum and Order]."[1] *See, Turban,* 2019 WL 3495947, at *5 (citing *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (*per curiam*) ("Where it appears that granting leave to amend is unlikely to be productive…it is not an abuse of discretion to deny leave to amend.")); *See also, McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (noting it is "within the sound discretion of the district court to grant or deny leave to amend."). However, Plaintiff is not without remedy. She may "fil[e] [a] complaint in state court that would not be subject to the amount-in-controversy requirement that applies for diversity actions that are filed in a federal court." *See, Lapaglia*, 155 F. Supp. 3d at 157.

## II. Diversity of Citizenship Requirement

Although Plaintiff's failure to establish the amount in controversy alone is sufficient to warrant dismissal, the Court notes that Plaintiff also failed to establish diversity of citizenship because she did not allege adequately her own citizenship or that of Defendant.

### A. Plaintiff's Citizenship

"[A]n individual's citizenship for diversity purposes is determined by his or her domicile, not his or her residence." *Century Metal Recycling, Pvt. Ltd. V. Dacon Logistics, LLC*,

---

[1] The Court is mindful of the Second Circuit's general directive that, "before determining that the amount in controversy requirement has not been met, the court must afford the plaintiff an appropriate and reasonable opportunity to show good faith in believing that a recovery in excess of [the jurisdictional amount] is reasonably possible." *See, Chase Manhattan Bank, N.A. v. American Nat'l Bank & Trust Co. of Chi.*, 93 F.3d 1064, 1070-71 (2d Cir.1996). However, for the reasons stated in this Memorandum & Order, the Court finds this case distinguishable from the general scenario where "a plaintiff had a good faith belief, at the time the complaint was filed, that the jurisdictional requirement was met" and, for substantially the same reasons, finds that providing Plaintiff with a further opportunity to show good faith would be futile. *See, Id.* at 1071. Furthermore, as discussed below, dismissal of this action is warranted for the additional reason that Plaintiff has failed to establish diversity of citizenship, despite having been given the opportunity to do so.

2013 WL 5929816, at *2 (D. Conn. Nov. 4, 2013) (citing *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)). "Allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 103 (2d Cir.1997); *See also, Adrian Family Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003) ("It is well established that [a] statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens.") (internal quotations and citations omitted).

Here, the Complaint alleges only that Plaintiff, an individual, "is a resident of Kings County, New York" and is silent as to her citizenship or domicile. Compl. ¶ 8. Thus, the allegations are insufficient to establish her citizenship for diversity jurisdiction purposes.

**B. Defendant's Citizenship**

Plaintiff also fails to allege properly the citizenship of Defendant, which is a limited liability company ("LLC"). "[A] limited liability company or other unincorporated entity is not the same as a corporation for purposes of determining its citizenship." *Sixto v. Both Trucking, LLC,* 2022 WL 1124824, at *1 (E.D.N.Y. Apr. 14, 2022). "A corporation, for diversity jurisdiction purposes, 'shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]'" *SHLD, LLC v. Hall,* 2015 WL 5772261, at *2 (S.D.N.Y. Sept. 29, 2015) (citing 28 U.S.C. § 1332(c)(1)).

On the other hand, an LLC, or other like entity, "takes on the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 49 (2d Cir. 2012); *Sixto*, 2022 WL 1124824, at *1. Thus, to establish the citizenship of an LLC, a litigant "must allege the citizenship of natural persons who are members of [the] limited liability company…and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *New Millennium Capital Partners, III, LLC*

*v. Juniper Grp. Inc.*, 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010).  Additionally, "'[i]f any of an LLC's members are themselves non-corporate entities, then a [litigant] must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC.'"  *Sixto*, 2022 WL 1124824, at *1-2 (quoting *U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020)).

Here, though it is "a bedrock principle of federal practice" that the identities and citizenships of an LLC's members must be alleged to establish the citizenship of an LLC, the Complaint is devoid of any allegations as to the identity or citizenship of any of Defendant's members. *Sixto*, 2022 WL 1124824, at *1-2; *See also, Kenshoo, Inc. v. Aragon Advertising, LLC*, 586 F. Supp. 3d 177, 180 (E.D.N.Y. 2022) (collecting cases).  The Complaint alleges only that Defendant "is a Delaware limited liability company with its principal place of business in Henderson, Nevada" and "[u]pon information and belief, the members of the LLC are not residents of New York."  Compl. ¶ 9.  This is insufficient to establish the citizenship of an LLC.  *See, Century Metal*, 2013 WL 5929816, at *2-3 ("The Court need not look to the state in which [an LLC] is organized or has its principal place of business, but rather, each of the states in which it has members," nor may a court "simply infer" citizenship from residence.) (internal quotations and citations omitted); *Lewis v. Allied Bronze LLC*, 2007 WL 1299251, at *1 (E.D.N.Y. May 2, 2007) ("[T]he citizenship of a limited liability company is not the state in which it is organized or has its principal place of business.").

Significantly, Plaintiff was not without opportunity to correct this deficiency, and, notwithstanding that opportunity, Plaintiff failed to do so.  On September 23, 2022, the Court issued an Order to Show Cause why this action should not be dismissed for lack of subject matter

9

jurisdiction, noting Plaintiff's failure to allege properly Defendant's citizenship and explaining that, as an LLC, its citizenship is determined by its members. *See,* Electronic Order to Show Cause dated September 23, 2022. In response, Defendant's president filed a declaration asserting that StreetTeam Software Limited ("STS Ltd") is the "sole member" of Defendant and is "a limited company registered in England & Wales." Declaration of James Ellis ("Ellis Decl."), Dkt. Entry No. 9, at 1. However, the Court struck the declaration as deficient, explaining that "if any of an LLC's members are themselves non-corporate entities," then the identity and citizenship of their members also must be alleged and, "[a]s such, the identity and citizenship of every member of [STS Ltd.]," which has been identified as Defendant's "sole member," must be alleged here. Electronic Order dated October 17, 2022.

The Court provided Plaintiff, as the party bearing the burden to establish jurisdiction, an opportunity to file a corrected declaration in place of Defendant's stricken one, "attesting to the citizenship of each member of the Defendant LLC and to the citizenship of any members of those members, and so on." *Id.* (internal quotations and citations omitted). In response, Plaintiff's counsel filed a declaration reiterating, in reliance on Defendant's stricken declaration, that STS Ltd. is Defendant's "sole member" and attesting that STS Ltd.'s members include "162 shareholders – 116 individuals and 46 non-corporate entities." *See,* Declaration of Sagar Shah ("Shah Decl."), Dkt. Entry No. 13, ¶¶ 3, 7-10. The declaration culminates with a request for jurisdictional discovery to determine the citizenships of STS Ltd.'s members. *Id.,* ¶ 11.

Plaintiff's declaration is deficient because it is devoid of allegations establishing, in the first instance, "whether as an entity [STS Ltd.] is structured or organized as an equivalent to either a corporation or a limited liability company under United States law" for purposes of determining its citizenship. *See, Century Metal*, 2013 WL 5929816, at *3. Absent allegations addressing this

10

foundational point, Plaintiff's declaration falls short of providing a basis for why jurisdictional discovery of STS Ltd.'s members' citizenships is proper. *Id*. Indeed, the Court's October 17, 2022 directive to Plaintiff that she must allege the citizenship of each of STS Ltd.'s members only applies if STS Ltd. Is, in fact, an unincorporated entity akin to an LLC because, as discussed above, only then would citizenship be determined by its members. If, on the other hand, STS Ltd. is a "corporation-equivalent," its principal place of business and places of incorporation would guide this citizenship inquiry instead. Having been given the opportunity to file a compliant declaration in place of Defendant's stricken one, Plaintiff filed a declaration merely identifying the number of STS Ltd.'s shareholders and requesting discovery as to their citizenship based on Defendant's stricken identification of STS Ltd. as its "sole member." *See,* Shah Decl. ¶¶ 3, 9, 11.

Even if the Court were to consider the representations made in Defendant's declaration as to STS Ltd., notwithstanding the fact that it was stricken, which the Court does not, Plaintiff's declaration would remain deficient. Courts within and outside of this Circuit have held that "[a] UK private limited company is [to be] treated as a corporation for the purposes of diversity subject matter jurisdiction." *See, e.g., EMR (USA Holdings), Inc. v. Goldberg*, 2019 WL 5537878, at *14 (S.D.N.Y. Oct. 25, 2019) (internal quotations and citations omitted); *Century Metal*, 2013 WL 5929816, at *3 (collecting cases). Assertions as to where a company is "registered" do not establish "where or under what country's laws" a company is incorporated, if at all. *See, Century Metal*, 2013 WL 5929816, at *3 (unable to determine whether alleged "private limited company" should be treated as a "corporation-equivalent" or "LLC-equivalent" for citizenship purposes where allegations only established the fact that it was "registered" and where). Here, Defendant's stricken declaration provided only that STS Ltd. is "a limited company registered in England & Wales." *See,* Ellis Decl. at 1. It did not address whether STS Ltd. is incorporated, if anywhere,

11

nor did it address whether it is a *private* limited company.  Thus, Defendant's declaration fell short of clarifying whether or not STS Ltd. is a private limited company incorporated in the UK that must be treated as a corporation for citizenship purposes and Plaintiff, in apparent reliance on Defendant's stricken and deficient declaration, failed to remedy the deficiency.

Accordingly, Plaintiff has failed to satisfy the diversity of citizenship requirement to invoke this Court's jurisdiction.  *See, Kenshoo,* 586 F. Supp. 3d at 181 ("'[T]he averment of jurisdiction shall be positive – [and] the declaration shall state expressly the fact upon which jurisdiction depends'") (quoting *Brown v. Keene*, 33 U.S. 112 (1834) (Marshall, C.J.)).  For this additional reason, dismissal is appropriate.  *Id.* at 180-82 (dismissing action for "failure to properly plead subject matter jurisdiction" where plaintiff's allegations as to defendants' citizenship were insufficient to plausibly establish the diversity requirement); *Lewis,* 2007 WL 1299251, at *2 (dismissing action on subject matter jurisdiction grounds pursuant to consideration by Court *sua sponte* where plaintiff's counsel "continue[d] to misunderstand the rules governing" diversity jurisdiction in failing to allege properly the citizenship of defendant LLC).  Indeed, "[i]t is not the province of this Court to hear an action over which it has no subject matter jurisdiction in the hope that if plaintiff's counsel does the work [it] should have done before commencing it, perhaps jurisdiction will be found."  *See, Lewis,* 2007 WL 1299251, at *2.  "A plaintiff's lawyer must do the research first and if she cannot find a definitive basis for alleging the citizenship of each defendant, then the case belongs in state court."  *Kenshoo,* 586 F. Supp. 3d at 181.

As noted above, Plaintiff is not without remedy as she may file a complaint in state court.  *Id.* at 182 ("There is no reason to stretch the requirements for subject matter jurisdiction when plaintiff can walk across the street (literally) and have the same law applied to its claims that would be applied here.").

## **CONCLUSION**

For the reasons set forth above, this action is dismissed for lack of subject matter jurisdiction and Plaintiff's request for jurisdictional discovery is denied as moot.

SO ORDERED.

Dated: Brooklyn, New York
February 28, 2023

/s/
DORA L. IRIZARRY
United States District Judge